UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

PELEUS INSURANCE COMPANY, 614 KNICKERBOCKER LLC and SILVER EQUITIES 2, LLC,

                         Plaintiffs,

        - against –

MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY,

                         Defendant.
_____

Civil Action No.: 1:25-cv-1680

**COMPLAINT**

Plaintiffs Peleus Insurance Company ("Peleus"), 614 Knickerbocker LLC ("Knickerbocker") and Silver Equities 2, LLC ("Silver"), by their attorneys Traub Lieberman Straus & Shrewsberry LLP, for their Complaint for Declaratory Judgment against defendants, state as follows:

### NATURE OF ACTION, JURISDICTION AND PARTIES

1. This action is brought under Section 1332 of Title 28, United States Code, seeking this Court's determination concerning the respective rights and obligations of the parties under insurance policies issued by defendant Mesa Underwriters Specialty Insurance Company ("MUSIC") to Chloe Construction LLC ("Chloe") including a declaration that MUSIC has an obligation to defend and indemnify Knickerbocker and Silver in an underlying lawsuit.

2. Peleus is a Nebraska corporation with its principal place of business in Chicago, Illinois.

3. MUSIC is a New Jersey corporation with a principal place of business in Branchville, New Jersey.

4. Knickerbocker is a New York limited liability company. None of the members of Knickerbocker are citizens of New Jersey.

5. Silver is a New York limited liability company. None of the members of Silver are citizens of New Jersey.

6. This action arises out of a personal injury action commenced against Knickerbocker, Silver and Chloe in the Supreme Court of the State of New York, County of Kings. Peleus is providing Knickerbocker and Silver with a defense in that action, subject to a determination in this action on the extent of coverage, and will incur in excess of $75,000 in defense costs in that action.

7. Plaintiff in the state court action alleges that he suffered disc herniations at four locations in his cervical spine, multiple cervical disc bulges and underwent discectomy surgery as a result of the injuries alleged in the personal injury action.

8. In light of the foregoing, the amount in controversy exceeds the sum or value of Seventy-Five Thousand ($75,000) Dollars exclusive of interest and costs

9. This is an action between citizens of different states and diversity jurisdiction is proper pursuant to 28 U.S.C. §1332.

10. Venue is proper under 28 U.S.C. §1391 as one or more defendants reside in this judicial district or a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

**BACKGROUND FACTS**

**Underlying Action**

11. On October 30, 2020, Antonio Rosales Tzoc commenced a suit in the Supreme Court of the State of New York, County of Kings, entitled, *Tzoc v. 614 Knickerbocker, LLC, et al.*,

Index No. 521221/2020 ("Tzoc Action").  A copy of the complaint in the Tzoc Action is annexed hereto as Exhibit A.

12. In the Tzoc Action, plaintiff seeks recovery for injuries he allegedly sustained on August 5, 2020 while working on a job site located at 279 Woodbine Street, Kings County, New York ("the Premises") when he was "caused to fall from a height/scaffold."

13. In the Tzoc Action, plaintiff alleges that his injuries were caused by the carelessness, negligence, and recklessness of each of the defendants and that each of the defendants are liable for the plaintiff's damages.

14. Knickerbocker and Silver commenced a third-party action against Chloe in the Tzoc Action in which they alleged that any damages suffered by the plaintiff in that action were the result of the sole fault, negligence, omissions and want of care of Chloe.  The third-party action also seeks common law and contractual indemnity from Chloe.  Exhibit B.

**The Peleus Policy**

15. Peleus issued Commercial General Liability policy number 103 GL 0033072-00 to Knickerbocker and Silver for the policy period of January 6, 2020 to February 1, 2021 (the "Peleus Policy").  A copy of the Peleus Policy is annexed hereto as Exhibit C.

16. Peleus is providing Knickerbocker and Silver with a defense in the Tzoc Action under a reservation of rights.

17. The Peleus Policy provides, in pertinent part, as follows:

> This insurance is excess over:
>
> (b) Any other primary insurance available to you covering liability for damages arising out of the premises or operations, or the products and completed operations, for which you have been added as an additional insured.

Exhibit C, at 33.

**The MUSIC Policy**

18. MUSIC issued primary general liability policy number MP08001002249 ("the MUSIC Policy") to Chloe.

19. The MUSIC Policy was in full force and effect on the date of the accident alleged in the Tzoc Action.

20. The MUSIC Policy applies to the allegations of the complaint in the Tzoc Action.

21. The MUSIC Policy provides additional insured coverage to Knickerbocker.

22. The MUSIC Policy provides additional insured coverage to Silver

23. The MUSIC Policy provides that its coverage will be primary and non-contributory with respect to any person or organization that is entitled to additional insured coverage under that policy.

**The Contract**

24. Knickerbocker and Silver entered into an Agreement with Chloe ("Agreement") for work to be performed at the Premises. A copy of the Agreement is annexed hereto as Exhibit D.

25. Chloe was performing services under the Agreement at the Premises on or about the date of the incident at issue in the Tzoc Action.

26. Knickerbocker and Silver entered into an Addendum to the Agreement that addressed indemnification and additional insured coverage and was made part of the Agreement ("the Addendum"). Exhibit D.

27. The Addendum identifies Knickerbocker and Silver as "Owner."

28. The Addendum identifies Chloe as "Contractor."

29. Pursuant to the Addendum, Chloe was required to obtain Commercial General Liability Insurance. Exhibit D at 11.

30. Pursuant to the Addendum, Chloe was required to obtain CGL coverage of at least $1,000,000 per occurrence, $2,000,000 in the aggregate that provided additional insured coverage to Knickerbocker and Silver for ongoing and completed operations. Exhibit D at 11

31. Pursuant to the Addendum, Chloe's CGL coverage was to apply to Knickerbocker and Silver on a primary, non-contributory basis. Exhibit D at 11

32. Chloe was required to obtain umbrella excess liability insurance that followed the form of its CGL policy, with limits of liability of $5,000,000 per occurrence, $5,000,000, with the exception that no aggregate should apply if there is no aggregate in the underlying policy. Exhibit D at 12.

33. The Addendum contains the following Indemnification provision:

> To the fullest extent permitted by law, the Contractor shall indemnify and hold harmless the Owner, the Owner's real estate manager, the Owner's officers, directors and employees, the Architect, the Architect's consultants, and agents and employees of any of them (the "Indemnified Parties"), from and against claims, damages, losses, and expenses, including, but not limited to, attorneys' fees, arising out of or resulting from the performance of the Work, provided that such claim, damage, loss, or expense is attributable to bodily injury, sickness, disease, or death, or to injury to or destruction of tangible property (other than the Work itself), including loss of use resulting therefrom, but only to the extent caused in whole or in part by negligent acts or omissions of the Contractor, a Subcontractor, anyone directly or indirectly employed by them or anyone for whose acts they may be liable, regardless of whether or not such claim, damage, loss, or expense is caused in part by a party indemnified hereunder. Such obligation shall not be construed to negate, abridge, or reduce other rights or obligations of indemnity, which would otherwise exist as to a party or person described in this Paragraph.

Exhibit D at 10-11.

**Tender Correspondence**

34. Peleus tendered the Tzoc Action to MUSIC in correspondence dated February 7, 2023. Exhibit E.

35. Peleus tendered the Tzoc Action to MUSIC in correspondence dated April 10, 2023. Exhibit F.

36. Peleus tendered the Tzoc Action to MUSIC in correspondence dated August 14, 2024. Exhibit G.

37. Peleus tendered the Tzoc Action to MUSIC in correspondence dated October 8, 2024. Exhibit H.

38. MUSIC has never responded to any of the tenders from Peleus, other than to acknowledge receipt of the tenders and request certain information about the Tzoc Action.

## FIRST CAUSE OF ACTION
**(Declaratory Judgment)**

39. Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "38" of the complaint as if fully set forth herein at length.

40. Knickerbocker and Silver qualify as additional insureds under the MUSIC Policy.

41. Knickerbocker and Silver entered a contract with Chloe for work to be performed by Chloe at the Premises.

42. Plaintiff in the Tzoc Action seeks recovery for bodily injury caused, in whole or in part, by Chloe's acts or omissions in the performance of ongoing operations for Knickerbocker and Silver.

43. Plaintiff's alleged injuries in the Tzoc Action were not caused, in whole or in part, by Knickerbocker's or Silver's negligence.

44. Pursuant to the MUSIC Policy, MUSIC has a duty to defend and indemnify Knickerbocker and Silver in the Tzoc Action.

45. Pursuant to the MUSIC Policy, MUSIC has a duty to defend and indemnify Apex in the Tzoc Action.

46. The Tzoc Action falls within the scope of the MUSIC Policy.

47. The MUSIC Policy is primary and non-contributory insurance with respect to Knickerbocker and Silver and the Peleus Policy is excess to, and non-contributing with, the MUSIC Policy.

48. The defense and indemnification of Knickerbocker and Silver in the Tzoc Action was timely tendered to MUSIC.

49. Peleus, Knickerbocker and Silver have suffered and will continue to suffer damages, harm and prejudice by virtue of the failure of MUSIC to fulfill its obligations to provide insurance coverage to them on a primary, non-contributory basis, including, but not limited to, the costs of defending the Tzoc Action, and incurring further expense in settling that action or satisfying a judgment that may be obtained against them in that action.

50. Because MUSIC is liable to Knickerbocker and Silver for any and all damages incurred by virtue of MUSIC's insurance obligation and breach of contract, judgment should be entered accordingly declaring that MUSIC is required to provide primary, non-contributory coverage to Knickerbocker and Silver for defense pertaining to the Tzoc Action.

51. Because MUSIC is liable to plaintiffs for any and all damages incurred by virtue of MUSIC's insurance obligation and breach of contract, judgment should be entered accordingly declaring that MUSIC is required to provide primary, non-contributory coverage to Knickerbocker and Silver for indemnity pertaining to the Tzoc Action.

52. Because MUSIC has breached its duty to defend, plaintiffs are entitled to prejudgment interest on the defense costs calculated from the date that MUSIC should have begun making defense payments.

53. Plaintiffs have suffered and will continue to suffer damages, harm and prejudice by virtue of the failure of MUSIC to fulfill its obligations to provide primary insurance coverage to Knickerbocker and Silver on a primary, non-contributory basis, including, but not limited to, the costs of defending the Tzoc Action, and incurring further expense in settling that action or satisfying a judgment that may be obtained against Knickerbocker and Silver in that action.

54. Plaintiffs are entitled to a declaration that MUSIC has a duty to reimburse plaintiffs for defense costs incurred in defending the Tzoc Action, together with prejudgment interest on the defense costs calculated from the date that MUSIC should have begun making defense payments.

55. Plaintiffs have no adequate remedy of law.

**WHEREFORE**, plaintiffs demand judgment as follows:

a. A declaration that the MUSIC Policy affords primary coverage to Knickerbocker and Silver for the claims asserted against it in the Tzoc Action, and that MUSIC is therefore obligated to fully insure, defend and indemnify Knickerbocker and Silver in the Tzoc Action;

b. A declaration that the Peleus Policy is excess over the MUSIC Policy and does not contribute to the cost of defense or the indemnification of Knickerbocker and Silver;

c. A declaration that MUSIC is obligated to reimburse Peleus for all of the defense expenses (including attorney's fees) incurred on behalf of Knickerbocker and Silver in defending the Tzoc Action, with interest;

d. A declaration that MUSIC owes Knickerbocker and Silver a duty to defend it in the Tzoc Action;

e. A declaration that MUSIC owes a duty to indemnify Knickerbocker and Silver in the Tzoc Action; and

f. Such other relief as the Court deems proper, together with reasonable attorney's fees, costs and disbursements in this action.

-9-

Dated: Hawthorne, New York
       March 26, 2025

                **TRAUB LIEBERMAN STRAUS**
                 **& SHREWSBERRY LLP**
                *Attorneys for Plaintiffs*

By:  *Jonathan Harwood*
                Jonathan Harwood
                Mid-Westchester Executive Park
                Seven Skyline Drive
                Hawthorne, New York 10532
                (914) 347-2600